**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Poder in Action, et al.,<br><br>            Plaintiffs,<br><br>v.<br><br>City of Phoenix, et al.,<br><br>           Defendant. | No. CV-20-01429-PHX-DWL<br><br>**ORDER** |

On August 26, 2020, the Court denied Plaintiffs' request for a preliminary injunction and ordered "the parties, after meeting and conferring, [to] file a joint statement that (1) proposes an accelerated schedule for reaching a merits resolution of Count One . . . , (2) sets forth the parties' views concerning how to address the issue of class certification in light of the acceleration, and (3) addresses any other matters the parties deem relevant." (Doc. 40.) The parties have now filed separate statements addressing those questions. (Docs. 42, 43.)

      1.      The first disputed issue is whether, and under what circumstances, Plaintiffs should be allowed to submit additional evidence. Plaintiffs state that they wish to submit (1) "a declaration from David Super, a professor and expert on immigration law and public benefits," that will "cover[] matters such as factual information regarding the role of Health and Human Services relative to the [PRWORA] and the history of the nonprofit exception" and (2) "supplemental declarations from the two organizational Plaintiffs' Directors." (Doc. 42 at 2.) Additionally, Plaintiffs state that they "may submit additional declarations

from individuals who are being exposed to a risk of harm and/or regarding the harm individuals suffer from having a judgment of eviction." (*Id.*) As for timing, Plaintiffs propose a schedule under which they could submit all of this evidence by September 10, 2020, the parties would submit cross-motions on the merits by September 15, 2020, and the briefing would be complete by October 2, 2020. (*Id.*)

The City argues that Plaintiffs should not be allowed to submit any additional evidence: "[B]ecause the Supremacy Clause presents a pure legal issue, no additional disclosures are necessary." (Doc. 43 at 1.) The City takes particular umbrage with Plaintiffs' plan to submit a declaration from Mr. Super, arguing that "this appears to be an expert report" and "[t]he City cannot reasonably respond to an expert report in five days before Plaintiffs' proposed start of briefing." (*Id.*) At a minimum, the City argues that, if Plaintiffs are allowed to submit any additional factual evidence, it should be allotted "additional time after reviewing Plaintiffs' disclosures to potentially conduct additional discovery related to those disclosures." (*Id.* at 2.) Specifically, the City proposes a schedule under which Plaintiffs' disclosures would be due by September 10, 2020, the City would have until September 30, 2020 to conduct follow-up discovery, the parties would file cross-motions on the merits by October 8, 2020, and the briefing would be complete by October 26, 2020. (*Id.*)

The Court concludes that, on the one hand, Plaintiffs should be allowed to submit additional evidence. The issues presented by Count One are not, as the City contends, "purely legal" in nature—one of the forms of relief sought by Plaintiffs is a permanent injunction and Plaintiffs may wish to submit additional factual evidence on why that form of relief is warranted.

On the other hand, it would be unfair to allow Plaintiffs to produce new evidence on September 10, 2020 and then start the merits briefing just five days later. If Plaintiffs choose to present more evidence, the City should be afforded a reasonable opportunity to explore that evidence and conduct follow-up discovery (including, if necessary, deposing Plaintiffs' declarants). The City's proposed schedule allocates 20 days to conduct such

follow-up discovery. This seems like a reasonable amount of time and, although Plaintiffs make a passing claim that it is excessive (Doc. 42 at 3 ["If Defendant wants to conduct additional discovery or depositions, Plaintiffs suggest[] a shorter time period."]), they fail to propose an alternative. Additionally, although the Court previously stated that it hoped to resolve the merits of Count One before the end of September 2020, and the City's schedule does not allow for the completion of briefing until late October 2020, the parties have now clarified (Doc. 42 at 2-3; Doc. 43 at 3) that the Program has only disbursed about $5 million to date—meaning that around 80% of the $25.7 million allocation remains available. Given this backdrop, it appears that adopting the City's schedule will not create a risk that the Program will run out of money before the Court can rule. Thus, the Court will allow Plaintiffs to submit additional evidence but will adopt the City's proposed schedule, with one refinement and one caveat.

The refinement is that the Court sees no reason to allow the parties to file cross-motions. Given the largely legal nature of the disputed issues, and the fact that the Court has already issued a 29-page order addressing many of those issues, it should be sufficient for Plaintiffs to file an opening brief, followed by a response brief from the City, followed by a reply from Plaintiffs. The parties' proposed approach—which would involve each party simultaneously filing a lengthy opening brief, then simultaneously filing a response, then simultaneously filing a reply—would inevitably result in duplication, inefficiency, and delay.

The caveat is that does not appear to the Court, based on the description provided in Plaintiffs' statement, that the anticipated declaration from Mr. Super would take the form of an "expert opinion." Instead, it appears that Plaintiffs hope to proffer Mr. Super's declaration to provide factual, historical information concerning PRWORA.[1] If this understanding is incorrect, and Plaintiffs instead choose to proffer opinions from Mr. Super, the City may file a motion to further extend the discovery and briefing schedule (because it is reasonable to request more time to respond to an expert report).

---

[1] The Court expresses no view as to whether such factual, historical information would be relevant in resolving the disputed legal issues in this case.

2. The parties also disagree as to the applicable page limits. Plaintiffs "request that the Court approve a page limit of 30 pages for initial briefs and responses and 20 pages for replies." (Doc. 42 at 3.) The City argues that the usual page limits established by the local rules (*i.e.,* 17 pages for motions and responses, 11 pages for replies) should apply and that "[i]f additional pages are to be allocated . . . the City suggests a more modest expansion . . . to permit 25 pages for the motions and responses and 15 pages for the replies." (Doc. 43 at 3.)

It is unclear whether any expansion of the usual page limits is necessary, given that the parties already submitted lengthy briefs related to Plaintiffs' preliminary injunction request and the Court already issued a lengthy order addressing many of the same issues that will presumably be addressed in the merits briefing. Nevertheless, in an abundance of caution, the Court will approve a modest expansion. Plaintiffs' opening brief and the City's response brief may not exceed 25 pages and Plaintiffs' reply may not exceed 15 pages.

3. On the issue of class certification, the parties agree that the briefing may be postponed pending the merits resolution of Count One. (Doc. 42 at 3; Doc. 43 at 3.) This is acceptable to the Court.

***

Accordingly, **IT IS ORDERED** that the following accelerated schedule will govern the resolution of Count One:

(1) Any additional evidentiary disclosures must be made by **September 10, 2020**.

(2) Any follow-up discovery related to the additional evidentiary disclosures must be completed by **September 30, 2020**.

(3) Plaintiffs' opening brief, which may not exceed 25 pages, must be filed by **October 8, 2020**.

(4) The City's response brief, which may not exceed 25 pages, must be filed by **October 19, 2020**.

…

(5) Plaintiffs' reply, which may not exceed 15 pages, must be filed by **October 26, 2020**.

Dated this 4th day of September, 2020.

_____
Dominic W. Lanza
United States District Judge