ELLEN SUE KATZ, AZ Bar No. 012214
BRENDA MUNOZ FURNISH, AZ Bar No. 027280
WILLIAM E. MORRIS INSTITUTE FOR JUSTICE
3707 North Seventh Street, Suite 300
Phoenix, Arizona 85014
(602) 252-3432
eskatz@qwestoffice.net
bmfurnish@qwestoffice.net
onelson@qwestoffice.net

DANIEL J. ADELMAN, AZ Bar No. 011368
ARIZONA CENTER FOR LAW IN THE PUBLIC INTEREST
514 West Roosevelt Street
Phoenix, Arizona 85003
(602) 258-8850
danny@aclpi.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Poder in Action, an Arizona nonprofit corporation; Arizona Dream Act Coalition. an Arizona nonprofit corporation; and Aurora Galan Mejia, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>The City of Phoenix, a municipal corporation,<br><br>Defendant. | **No. CV-20-01429-PHX-DWL**<br><br>**DECLARATION OF JAY YOUNG IN SUPPORT OF PLAINTIFFS' REQUEST FOR FINAL RELIEF, INCLUDING A PERMANENT INJUNCTION** |

I, Jay Young, declare the following:

1. I am the Executive Director of the Southwest Fair Housing Council ("SWFHC"). I have been SWFHC's director since January of 2014. I am currently a member of the Pima County Eviction Prevention Task Force appointed by Pima County Administrator, Chuck Huckelberry.

2. SWFHC is a statewide nonprofit, tax-exempt fair housing organization based in Tucson. SWFHC provides services statewide. We advocate for and facilitate the enforcement of federal, state, and local fair housing laws. Our mission is to provide

1

comprehensive services to achieve and preserve equal access to housing for all people. SWFHC also currently receives grant funding to assist Pima County residents in navigating and qualifying for eviction prevention assistance from Pima County.

3. SWFHC typically receives over fifty inquiries per month from people seeking assistance with fair housing issues, landlord/tenant issues, including eviction, or both. When a client is facing eviction, our primary goal is to prevent the eviction. In these situations, our clients are often facing a legitimate eviction that they have little chance of stopping. They have no chance of remaining in their unit. We regularly counsel our clients to negotiate with their landlord to allow them to vacate the unit without the landlord following through with a legal eviction. This prevents an eviction from staining their record or credit. We do this because years of experience working with clients has shown us just how damaging an eviction record is for people looking for housing. Larger rental properties have conducted background checks for many years that show a prospective tenant's rental history, including evictions. These complexes typically exclude people with an eviction on their record. Smaller complexes and mom-and-pop landlords now also have much greater access to services that conduct background checks as the number of services has proliferated, and the price has dropped, further shrinking the housing available to those with eviction records.

4. Governor Ducey has signed two executive orders regarding evictions. The executive orders only stop the constable from removing a tenant from their home. The orders still let a landlord get a money judgment against the tenant, so tenants still have the problems I discuss above. These money judgments can be for rent, late fees, costs, and attorney fees. These other fees and charges can often double the rent owed.

5. The consequence is that as described above, it is often difficult or impossible for a person who has a judgment of eviction against them to find safe and affordable housing again. An eviction judgment may mean that a family is not eligible for subsidized housing until they pay off the rental judgment.

6. Our experience and understanding at SWFHC are that when tenants are evicted, they may be forced to relocate considerable distances, mainly because of their limited housing options. Many people who live in apartments are dependent on public transit, which can make commuting long distances difficult, if not impossible. Evictions, therefore, often lead to significant disruptions in day-to-day life, including job loss, changing or losing medical providers, changing schools midyear, loss of familial and social support networks, loss of personal belongings, and, in many cases, homelessness.

7. In some cases, the Governor's orders still allow the landlord to ask the court to let the constable come out. If the tenants cannot move out by the time the constable comes, the tenant may have their property stored by the landlord, and the tenant cannot get their property back until they can pay the storage fees. In reality, this means that tenants sometimes never get their belongings back. So not only are tenants faced with no place to stay, but they also lose their possessions, making it even harder to maintain employment and keep children in school.

8. We also hear of tenants who became homeless after their eviction due to many of the reasons noted above.

9. Under the CDC order, landlords can still charge late fees and other penalties. This order is a band-aid to keep people in their homes a few more months. It does not address the root problem that tenants lack sufficient income to pay rent because of the loss of employment due to the pandemic. Evictions will likely spike dramatically after the order expires because tenants will still owe back rent and late fees. The order also fails to address the dire straits of landlords, particularly small landlords, that cannot pay their mortgages or maintain properties because tenants cannot pay rent nor be evicted. Tenants are likely to be displaced from properties that go into foreclosure, as well.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of September 2020, at Tucson, Arizona.

3

|  | _____ |
|---|---|
|  | Jay Young |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of October 2020, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal to the following CM/ECF Registrants:

Mary R. O'Grady
Kristen L. Windtberg
Emma J. Cone-Roddy
Osborn Maledon, P.A.
2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012-2793
mogrady@omlaw.com
econe-roddy@omlaw.com
kwindtberg@omlaw.com

Cris Meyer, City Attorney
Les S. Tuskai, Assistant Chief Counsel
Office of the City Attorney
200 West Washington Street, Suite 1300
Phoenix, Arizona 85003-1611
cris.meyer@phoenix.gov
les.tuskai@phoenix.gov

Attorneys for Defendant

/s/ Ellen Sue Katz